SHUN ZI XU, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75422.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Shun Zi Xu, Rosemead, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Shun Zi Xu, a native and citizen of China, petitions *pro se* for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's determination that Xu failed to timely file her asylum application because the underlying facts are disputed. *Cf. Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the agency's adverse credibility finding because Xu testified that the police detained her for fifteen days, during which they beat, slapped, and kicked her, but Xu omitted this information from her asylum application and did not explain this significant omission. *See Li,* 378 F.3d at 963 (stating that the IJ can reasonably consider the alien's failure to include a significant allegation of mistreatment in the asylum application in making an adverse credibility determination). In addition, because the IJ had a basis to question Xu's identity, she could properly rely upon the lack of corroborating documentation as a basis for denying Xu's claims. *See id.* at 964; *see also Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, *inter alia,* failure to establish identity).

Because the record does not compel the conclusion that Xu's testimony was credible, she has not established eligibility for withholding of removal. *See Kohli v. Gonzales,* 473 F.3d 1061, 1071–72 (9th Cir. 2007).

■ The agency properly denied CAT protection because Xu did not establish that it is more likely than not she will be tortured if removed to China. *See id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**